IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

RECEIVED
JUL 05 2016 ᴇ𝚆

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

| | | |
|---|---|---|
| KEVIN SROGA, | ) | |
| Plaintiff, | ) | No. |
| | ) | |
| v. | ) | |
| | ) | |
| John & or Jane Doe Chicago Police Officers, | ) | 1:16-cv-06965 |
| URT and or E&R Towing Inc., John Doe Tow | ) | Judge John Robert Blakey |
| Operator for the same along with the City of | ) | Magistrate Judge M. David Weisman |
| Chicago Streets and Sanitation Department, | ) | |
| Charles Williams, Individually, and the CITY | ) | |
| OF CHICAGO, | ) | |
| Defendants, | ) | |
| | ) | |
| | ) | JURY DEMANDED |
| | ) | |

## CIVIL COMPLAINT

**Now comes the Plaintiff,** Kevin Sroga, who complains to this Court with the
following whereby stating as follows:

## INTRODUCTION

1.      This action is being brought pursuant to the Laws of the United States Constitution,
specifically under 42 U.S.C. 1983, and the laws of the State of Illinois, to redress deprivations of
the Civil Rights of the Plaintiff that were accomplished by acts and/or omissions that the
Defendants committed under color of state law.

2.      This is a civil action seeking damages against those defendants for committing
acts under color of state law, whereby depriving plaintiff of rights and immunities
secured to him under the constitution and the laws of the United States.

## JURISDICTION

3.      The jurisdiction of this Court is invoked pursuant to the Civil Rights Act, 42 U.S.C. Section 1983, the Judicial Code, 28 U.S.C. & 1331 and 1343 (a); the Constitution of the United States; and pendent jurisdiction as provided under U.S.C. Section 1367 (a).

4.      Venue lies in the United States District Court, Northern District of Illinois pursuant to 28 U.S.C. section 1391, because all events or omissions giving rise to these claims occurred in this District.

## PARTIES

5.      At all times herein mentioned, Plaintiff, **KEVIN SROGA** ("**Sroga**" or "**Plaintiff**") is a reasonable person who has always been a citizen of the United States residing within the City of Chicago and within the jurisdiction of this Court.

6.      At all times herein mentioned, Defendants **John** and or **Jane Doe** Chicago Police **Officers** were employed by the City of Chicago who were acting under color of state law as an employee, agent, and or a representative for the City of Chicago, Department of Police that deprived Plaintiff of rights, privileges, and immunities secured to him under the laws enacted under the Constitution of the United States. These Defendants are being sued in their individual/personal capacities.

7.      At all times herein mentioned, Defendant **URT** or **United Road Towing Inc.** or **E&R Towing Inc.** holds the current contract for the City of Chicago to tow for the Department of Streets & Sanitation as well as for Chicago Police related tows towed under the same by the City of Chicago, who were acting as an agent for the Department of Streets and Sanitation acting under color of state law as an employee, agent, and or a representative for the City of Chicago that deprived Plaintiff of rights, privileges and

immunities secured to him under the laws enacted under the Constitution of the United States. These Defendants are being sued in their individual/official/personal capacities.

8.      At all times herein mentioned, **John Does'** Defendant Tow Operator ("**Tow Operator**") was employed by one of the named defendant agencies listed in Paragraph **7** who was approved for hire/authorized to tow vehicles for the City of Chicago, Department of Streets and Sanitation who was engaged in the towing of Plaintiff's Vehicles so ordered by the Chicago Police Department through **John** or **Jane Does'** Officer Defendants' whom were acting under color of state law as an employee, agent, and or a representative for the Chicago Police Department and or for the Department of Streets and Sanitation that deprived Plaintiff of rights, privileges and immunities secured to him under the laws enacted under the Constitution of the United States. These Defendants are being sued in their individual /personal/official capacities.

9.      At all times herein mentioned, Defendant **Charles Williams** was the Commissioner of the Department of Streets and Sanitation in charge of such Division who oversees, operates, runs and or who is essentially responsible the Daily oversight of operations for the Department for Streets and Sanitation for the City of Chicago. Defendant **Williams** was employed by the City of Chicago, Department of Streets and Sanitation who was essentially acting under color of state law as an employee, agent, and or a representative for the City of Chicago that deprived Plaintiff of rights, privileges and immunities secured to him under the laws enacted under the Constitution of the United States. This Defendant is being sued in his official capacity as it relates to such claims.

3

**10**.     At all times herein mentioned, the **CITY OF CHICAGO** was a political division of the State of Illinois, existing as such under the laws of the State of Illinois. At all relevant times, the City of Chicago maintained, managed, and /or operated the Chicago Police Department and the Department of Streets and Sanitation under their municipal powers which allows **URT** and or **E&R** towing companies Inc. to tow for its municipality.

## STATEMENT OF FACTS

**11.**     On Saturday June 19th 2015, Plaintiff, Kevin Sroga parked his 2001 Chevrolet Suburban with V.I.N. # 1GNFK16T81J206263 under a via-dock @ the location of 3600 w. Hirsch st. in Chicago within the 025 Police District @ approximately 4 pm.

**12.**     Plaintiff had parked his vehicle @ this location to secure a Boat which he had attached to the rear of his Suburban to safeguard it from the rain as he did not have a top or boat cover for it, and to keep it off of the main street as it draws a rowdy crowd of people who are in the neighborhood celebrating the Puerto Rican Day Parade.

**13.**     Plaintiff secured his vehicle by placing and locking the vehicle into 4-wheel drive, making sure that all of his windows were rolled up tightly prior to removing the key from the ignition switch whereby then locking all doors on the vehicle and re-checking each and every door upon them to make sure each of them were in fact locked.

**14.**     Plaintiff even made and left a note on the inside of the windshield of his vehicle stating that it's being parked here because of the rainy weather forecasted and that he would be moving the vehicle shortly and to please not to tow the vehicle.

**15.** Furthermore, Plaintiff is unaware of any law which prohibits the parking of a vehicle under any type of viaduct within the City of Chicago, nor were there any signs posted prohibiting the same from occurring.

**16.** Inside of this vehicle was Plaintiff's tools, along with the title to such vehicle as Plaintiff had taken the vehicle up to Wisconsin earlier in the day to both pick-up the Boat and Trailer and to register the Suburban through the Department of Vehicle through the State of Wisconsin.

**17.** When Plaintiff had gotten up to Wisconsin whereby the time spent picking up the Boat and Trailer, it was too late for him to register the Suburban with the Department of Motor vehicles as to the reason why the title to the vehicle was still left inside of it.

**18.** As fate would have it, the vehicle along with his Boat and Trailer were subsequently written up to be towed by John and or Jane Doe Chicago Police Officers which was authorized by a Chicago Police Officer Supervising SGT.

**19.** All three items were written up to be towed in which the Boat and Trailer made it to the impound yard under inventory #'s 6820668 & 6820669. but the suburban on-the-other-hand did not.

**20. Not only did plaintiff's suburban come up missing, but his boat and trailer were also extensively damaged beyond repair at the hands of this Tow Operator resulting in a total loss of his items.**

**21.** This was discovered by the Plaintiff upon recovering his Boat and Trailer from the Impound Yard after an administrative hearing in conjunction to the tow which resulted in both properties being returned to the Plaintiff without any civil liabilities attached to such items sometime in August 2015.

## FACTUAL ALLEGATIONS

22.     On information and belief, plaintiff alleges that this Tow Operator not only extensively damaged his Boat, but had also stolen his 2001 Chevrolet Suburban, as it was unlikely that anyone-else wold have stolen it as this vehicle had On-Star as a factory option located within the vehicle.

23.  **On-Star** is a type of GPS Location device utilized for traveling to determine a vehicle location or the location of a vehicle and is subsequently utilized for other things as well.

24.  It's auto theft 101 that even your dumbest auto thief is not going to touch a vehicle that has **On-Star** installed in it.

25.  The down side of having **On-Star**, is that it only works if the vehicle is powered on, it will not work if the vehicle is **not** powered on such as in transit via a flat bed tow truck.

26.  Furthermore, Plaintiff, nor his property were violating, nor had violated any Federal, State or Municipal laws nor was there any warrants out for plaintiff's arrest when plaintiff's property was unlawfully and unreasonably seized in contravention to the 4th Amendment to the U.S.C.

27.  These John or Jane Doe defendants' who are members of the Chicago Police Department had no justifiable cause to write up to be towed any of Plaintiff's personal property which was lawfully parked along the curb side of this street.

28.  Not only does the Fourth Amendment protect against unlawful seizures, it also protects against Unreasonable ones as well and such extension extends beyond the scope of the seizure to a person's property as does to a person in of themselves.

**29.**     In other words, an unlawful/unreasonable seizure under the Fourth Amendment not only applies to persons, but can apply to a person's property as well.

**30.**     By reason as of the direct and proximate result of the wrongful actions and omissions undertaken as described above by these Defendants, Plaintiff sustained great and still continues to suffer substantial injuries including, but not limited to, financial, loss of personal property, undue stress, physical, mental and other emotional distresses and mental anguish, pain and suffering, pecuniary damages including attorneys' fees, lost wages, loss of his vehicle and the missing out of the entire 2015 Boating season all to his damages in an amount to be ascertained later.

**31.**     The aforementioned acts of these Defendants were willful, wanton, malicious, oppressive and done with a reckless indifference to and / or callous disregard for Plaintiff's Constitutional Rights and justify the award of exemplary and punitive damages in an amount to be ascertained according to proof at time of trial.

## COUNT I

**Plaintiff against John and or Jane Doe Chicago Police Officers' for violation of his 4th Amendment Right Illegal Seizure of his Properties**

**32.**     Plaintiff hereby re-alleges and reincorporates all previous paragraphs.

**33.**     On June 22nd 2015, Defendant **John** and or **Jane Doe** Chicago Police Officers' unlawfully and without reasonable articulation of criminal activity wrote up Plaintiff's vehicles to be essentially illegally seized by improperly having them impounded for a *Hazard*, **"Blocking the Normal flow of Traffic."**

7

**34.**   These named defendants were the proximate cause to both plaintiff and his personal property being illegally seized and or as in the 2001 Chevrolet Suburban, stolen all in violation of the fourth amendment as it relates to the U.S.C.

**35.**   In committing these acts of misconduct described herein, Defendants' **John** and or **Jane Doe** committed them while acting under color of state law as the employee, agent, and or a representative for the City of Chicago, Chicago Police Department who essentially deprived plaintiff of rights, privileges, and immunities secured to him under the laws enacted under the United States Constitution through the 4th Amendment.

**36.**   These **John and or Jane Doe** Defendants unlawful acts resulted in the unlawful seizure of plaintiff's property which was not only damaged but came up missing and continues to be missing which has created and still creates an undue burden and hardship on the plaintiff which resulted in the deprivation of plaintiff's rights, securities, property, benefits, use thereof as well as creating extreme emotional distress and a loss of financial gain and boating enjoyment.

**37.**   By reason of the defendants' conduct, plaintiff was deprived of rights, privileges and immunities secured to him under the fourth as reinforced under fourteenth amendments (under equal protection class-of-one clause) under the Constitution of the United States and laws enacted thereunder.

**38.**   Therefore, these defendants are liable for violation(s) to plaintiff's pursuant to his fourth amendment rights which are secured to him pursuant to 42 U.S.C Section 1983.

## COUNT II

**Plaintiff against Defendants' John and or Jane Doe Chicago Police Officers' on a State Claim of Negligence.**

**39.**     Plaintiff hereby re-alleges and reincorporates all previous paragraphs.

**40.**     On June 22nd 2015, Defendant – **John** or **Jane Doe** Chicago Police Officers' were *Negligent* in their official Police Duties for having a Vehicle towed without any proper justification or authorization to do the same.

**41.**   These named Officer Defendants', unlawfully engaged in conduct that was "**conscience shocking**" whereby engaging in such egregious conduct in relation to illegally seizing the plaintiff's vehicles' without just cause as well as doctoring official paperwork and tow reports to subsequently have Plaintiff's vehicles' improperly impounded for non-justifiable reasons.

**42.**     In committing these acts of misconduct described herein, these defendant officers committed them while acting under color of state law and as the employee, agent, and or a representative from the City of Chicago, Department of Police who deprived plaintiff of rights, privileges, and immunities secured to him under the laws enacted under the United States Constitution.

**43.**     These defendant officers' unlawful actions resulted in the unlawful seizures of plaintiff's personal property which resulted in extensive damage to his Boat rendering it incapable of being utilized and the loss of his 2001 Chevrolet Suburban which created and still creates an undue burden and hardship on the plaintiff which resulted in the deprivation of Plaintiff's rights, property, benefits, use thereof as well as extreme emotional distress, loss of financial gain and the Loss of last and this years Boating season.

**44.** By reason of these defendant Officers conduct, plaintiff was deprived of rights, privileges and immunities secured to him under the fourth as reinforced under fourteenth amendments (under equal protection clause) under the Constitution of the United States and laws enacted thereunder. Therefore, these defendants and each of them are liable for violation(s) of being negligent.

## COUNT III

### Plaintiff against Defendants' John or Jane Doe Chicago Police Officers' for a State Claim of <u>Culpa Lata</u> or Gross Negligence

**45.** Plaintiff hereby re-alleges and reincorporates all previous paragraphs.

**46.** On June 22nd 2015, Defendant John and or Jane Doe Chicago Police Officers' while acting under color of state law illegally seized, allowed to be purposely seized without any legal cause, justification or authorization to do the same and in doing so, were Negligent in their official job duties whereby failing to notice the registration tag Via the Intra-State Travel permit affixed to the inside of Plaintiff's vehicle establishing registration of such vehicle, and by falsifying paperwork and tow reports to have Plaintiff's properties unlawfully removed from its location in contravention to law.

**47.** The aforementioned conduct under taken by these defendant **officers'** not only "***shocks the conscience***" but, was undertaken with such malice and with a willfulness and reckless indifference to plaintiff's rights secured to him.

**48.** By falsifying the same, these Defendants' acted within and undertook and extreme careless action or an omission that was willful and with a reckless disregard against plaintiff's property.

---

*1) **Negligence**- the failure to exercise that degree of care that, in the circumstances, the law requires for the protection of other persons or those interests of other persons that may be injuriously affected by the want of such care.*

**49.**     These named Officer Defendants', unlawfully engaged in conduct that was "**conscience shocking**" whereby engaging in such egregious conduct in relation to illegally seizing the plaintiff's vehicles' without just cause as well as doctoring official paperwork and tow reports to subsequently have Plaintiff's vehicles' improperly impounded for non-justifiable reasons.

**50.**     In committing these acts of misconduct described herein, these defendant officers committed them while acting under color of state law and as the employee, agent, and or a representative from the City of Chicago, Department of Police who deprived plaintiff of rights, privileges, and immunities secured to him under the laws enacted under the United States Constitution.

**51.**     These defendant officers' unlawful actions resulted in the unlawful seizures of plaintiff's personal property which resulted in extensive damage to his Boat rendering it incapable of being utilized and the loss of his 2001 Chevrolet Suburban which created and still creates an undue burden and hardship on the plaintiff which resulted in the deprivation of Plaintiff's rights, property, benefits, use thereof as well as extreme emotional distress, loss of financial gain and the Loss of last and this years Boating season.

**52.**     By reason of these John and or Jane Doe Chicago Police Officer Defendants' conduct to the aforementioned, warrants a claim of ***Culpa Lata*** or with very great negligence in this cause.

---

2) **Culpa Lata** or *Gross Negligence*- is an extremely careless action or an omission that is willful or a reckless disregard for the consequences to the safety or property of another; also called – very great negligence.

## COUNT IV

**Plaintiff against Charles Williams, URT Inc. and or E&R Towing Inc., John Doe URT /City of Chicago Agent and City of Chicago for Negligence**

**53.**     Plaintiff hereby re-alleges and reincorporates all previous paragraphs.

**54.**     Defendant **Charles Williams** is the Commissioner for the Department of Streets and Sanitation Division, essentially, he is Streets and Sanitation.

**55.**     **URT** & or **E&R** Towing tow for the Department of Streets and Sanitation, for the Department of Police and for the City of Chicago.

**56.**     One and or all of these Named Defendants' are guilty of Negligence pertaining to this cause.

**57.**     Commissioner Charles Williams either knew of, approved of, and or recommended the continuing contract go to **URT** and or **E&R** towing to tow for the City of Chicago.

**58.**     On information and belief, these Tow Operators are apparently sub contracted through **URT** = United Road Towing and or **E&R** Towing who essentially "**Tow**" for the City of Chicago, Department of Streets and Sanitation without ever going through any-type of Criminal Background Investigation or official application process with the City.

**59.**     These Tow Operators are in fact then given signs that state (something to the effect)- City of Chicago, Police Tow, Department of Streets and Sanitation along with a number assigned on the sign itself which are to be placed on the tow operator's tow truck.

**60.**     Plaintiff is unaware if any of these tow trucks are equipped with Mobile GPS units as found on many City of Chicago Vehicles and states that he does not believe there are any making it very difficult to track a vehicle from the time it hooks up a vehicle to the time it is dropped off to its desired location.

61.    Essentially, it's a free for all upon towing for the City of Chicago, in that there is no regulation whatsoever that tow operators must go through prior to towing for the City of Chicago prior to making these tow operator's representatives of the City of Chicago.

62.    Plaintiff's position is, once these tow operators place that sign upon their tow trucks utilizing such verb-age, that opens up the door of them acting as a representative with the City of Chicago and or as an agent of such.

63.    In this case, Plaintiff's Boat and Trailer were extensively Damaged when one of these above named defendants' authorized the employment of this John Doe Tow Operator who Damaged Plaintiff's Boat and Trailer upon towing it to 701 N. Sacramento whereby these named defendants' failed to recruit, hire and train qualified individuals to properly and safely tow for the City of Chicago.

64.    Furthermore, the damage to the Boat further occurred as direct result of the **City of Chicago** and or **URT = United Road Towing** upon its failure to maintain an adequate level of freshly crushed asphalt in which the Tow Operator backed the Boat right into, and as a  direct result, the Lower Unit of the Boat was slammed into this hard substance essentially breaking the Transom on the Boat and breaking the propeller and bending the lower units output shaft essentially rendering this Boat Junk as there is a huge hole in the Transom (rear) of the Boat as a direct result and carelessness from one and or all of these named defendants'.

65.    Wherefore, Plaintiff asks that this Court to find these Defendants' and the City of Chicago Negligent concerning the aforementioned at the time of trial.

## COUNT V

**Plaintiff against URT Inc. and or E&R Towing Inc., John Doe URT /City of Chicago Agent and City of Chicago for Culpa Lata or Gross Negligence**

**66.**     Plaintiff hereby re-alleges and reincorporates all previous paragraphs.

**67.     URT & or E&R Towing tow for the Department of Streets and Sanitation, for the Department of Police and for the City of Chicago as reiterated in Par. # 55.**

**68.**     One and or all of these Named Defendants' are guilty of ***Culpa Lata*** or ***Gross Negligence*** pertaining to this cause.

**69.**     On information and belief, these Tow Operators are apparently sub contracted through **URT** = United Road Towing and or **E&R** Towing who essentially "**Tow**" for the City of Chicago, Department of Streets and Sanitation without ever going through any-type of Criminal Background Investigation or official application process with the City.

**70.**     These Tow Operators are in fact then given signs that state (something to the effect)- City of Chicago, Police Tow, Department of Streets and Sanitation along with a number assigned on the sign itself which are to be placed on the tow operator's tow truck.

**71.**     Plaintiff is unaware if any of these tow trucks are equipped with Mobile GPS units as found on many City of Chicago Vehicles and states that he does not believe there are any making it very difficult to track a vehicle from the time it hooks up a vehicle to the time it is dropped off to its desired location.

**72.**     Essentially, it's a free for all upon towing for the City of Chicago, in that there is no regulation whatsoever that tow operators must go through prior to towing for the City of Chicago prior to making these tow operator's representatives of the City of Chicago.

73.     Plaintiff's position is, once these tow operators place that sign upon their tow trucks utilizing such verb-age, that opens up the door of them acting as a representative with the City of Chicago and or as an agent of such.

74.     In this case, Plaintiff's Boat and Trailer were extensively Damaged when one of these above named defendants' authorized the employment of this John Doe Tow Operator who Damaged Plaintiff's Boat and Trailer upon towing it to 701 N. Sacramento whereby these named defendants' failed to recruit, hire and train qualified individuals to properly and safely tow for the City of Chicago.

75.     The damage to the Boat further occurred as direct result of the **City of Chicago** and or **URT = United Road Towing** upon its failure to maintain an adequate level of freshly crushed asphalt in which the Tow Operator backed the Boat right into, and as a direct result, the Lower Unit of the Boat was slammed into this hard substance essentially breaking the Transom on the Boat and breaking the propeller and bending the lower units output shaft essentially rendering this Boat Junk as there is a huge hole in the Transom (rear) of the Boat as a direct result and carelessness from one and or all of these named defendants'.

76.     Furthermore, Plaintiff's 2001 Chevrolet Suburban came up missing at the hands of this John Doe Tow Operator contracted and or hired by **URT** and or E&R Towing Inc. who authorized and or approved for hire as an agent and or representative on behalf of the City for the City of Chicago by the actions described herein above.

77.     Without authorization, consent or any-other authority this John Doe Tow Operator committed the Criminal Act of Theft as clearly defined under Illinois law.

**78.** Wherefore, Plaintiff asks that this Court to find these Defendants' and the City of Chicago **Grossly Negligent or *Culpa Lata*** concerning the aforementioned at the time of trial.

## COUNT VI

### Plaintiff against John Doe Tow Operator contracted by URT and or E&R Towing Inc. approved for hire by the City of Chicago for Motor vehicle Theft

**79.** Plaintiff hereby re-alleges and reincorporates all previous paragraphs.

**80.** The Tow Operator in this cause committed the Criminal Act found under 625 ILCS 5/4-103 and or 720 ILCS 5/16-1 – Motor Vehicle Theft.

**81.** If established @ trial that such Tow operator is in fact an agent and or a representative of the City of Chicago, then the "City" shall too be held liable to this claim pursuant to ***Responeat Superior*** theory of liability doctrine concerning such claim.

**82.** An official Police report was filed in connection to this cause under **HY-323089** reported to local law enforcement shortly after last years 4th of July Holiday weekend.

**83.** Plaintiff's Vehicle somehow, after being properly reported stolen to local law enforcement officials had its title transferred on 9-4-15 or September 4th 2015 in which License plates were then later assigned to the vehicle just this past April of 2016, registering to an individual out of Wheaton Illinois.

**84.** The some what suspicious Transferring of this Vehicle's title back in September 2015 and then License Plates being recently assigned to this vehicle just this past April 2016, (some seven months later) should raise some serious underlying questions in conjunction to this cause concerning the underlying conduct and allegations set forth by this Plaintiff in connection to this matter.

## COUNT VII

### Plaintiff against Defendant John Doe SGT. for Supervisory Liability

**85.** Plaintiff hereby re-alleges and reincorporates all previous paragraphs.

**86.** One of the John Doe Defendant police Officers' held the rank of Sgt. was a Supervising Sergeant working for the Chicago Police Department who was on scene that day concerning the aforementioned.

**87.** On June 22nd 2015, Defendant John Doe Supervisor Sgt. not only "turned a blind eye" but engaged in, and encouraged and then allowed such illegal activity to transpire while knowingly and unreasonably without any exigent circumstances, probable cause, reasonable suspicion, consent, or any other lawful basis to ascertain such police action against the plaintiff's property.

**88.** The actions by this John Doe Defendant SGT., a Supervisor for the Chicago Police Department by condoning, encouraging and then allowing plaintiff's personal property to be unlawfully seized without any reasonable articulable suspicion of criminal activity, probable cause, consent or any other legal justification to do so violated Plaintiff's fourth amendment rights (to be free from unreasonable searches and seizures) as reinforced by the fourteenth amendment (equal protection clause) to the United States Constitution and the laws enacted thereunder.

**89.** Defendant Sgt. John Doe not only failed to exercise a "duty to intervene" as Supervisor of these Defendant Officers, Defendant SGT. John Doe approved, encouraged, condoned, and or turned a blind eye to the substantial amount of constitutional violations essentially depriving plaintiff of his constitutional securities in violation of such rights.

17

**90.** By reason of Defendant John Doe SGT.'s conduct, plaintiff was in fact deprived of rights, privileges and immunities secured to him by the fourth amendment to the United States Constitution and of the laws enacted thereunder. Therefore, defendant SGT. John Doe is liable under the Supervisory Liability Doctrine pursuant to 42 U.S.C. Section 1983.

## COUNT VIII

**Plaintiff against all Individual Defendants for Intentional Infliction of Emotional Distress**

**91.** Plaintiff hereby re-alleges and reincorporates all previous paragraphs.

**92.** Defendant police officers and City personnel while acting under color of state law, deprived plaintiff of multiple constitutional rights, securities, privileges and immunities secured to him under the fourth and fourteenth amendments of the United States Constitution.

**93.** This conduct complained of transpired during the Defendants scope of employment working for the City of Chicago as Police Officers or other agents essentially working for the City of Chicago.

**94.** These willful acts of misconduct by all named Defendants as set forth above were extreme, outrageous, wanton, and were undertaken with malice, a willfulness and reckless indifference to the Plaintiff's constitutional rights.

**95.** The Defendants actions were intended to cause by exercising a reckless disregard of the probability that their conduct would cause, severe emotional distress to plaintiff in addition to violating plaintiff's rights secured to him under the U.S.C.

**96.** As a direct and proximate result of these defendants wrongful acts and conduct, defendants did so directly and proximately cause plaintiff to suffer severe and extreme damages including, but, not limited to, financial, severe mental and emotional distress,

18

physical damage, mental distress and anguish, loss of personal property, loss of boating enjoyment for the 2015 & 16 Season all in relation to whereby wanton of inflicting intentional infliction of emotional distress.

## COUNT IX

### *MONELL CLAIM*

**Plaintiff against Defendant City of Chicago for Failure to Train, Supervise and Discipline**

**97.**     Plaintiff hereby re-alleges and reincorporates all previous paragraphs.

**98.**     The Defendant City of Chicago is a Municipal corporation established under its own "Home Power Rules" and Regulations.

**99.**   The Defendant City of Chicago failed to take the necessary precautions to adequately Train, Monitor, Supervise, and or Discipline its Personnel agent Officers.

**100.**   These Defendants, the City of Chicago and its officers intentionally worked "deliberate indifference" to plaintiff's constitutional rights.

**101.**   These deliberate indifference's can only be attributed to the City of Chicago's "Failure to Monitor, *Train*, Supervise, to hold accountable and or Discipline its agents."

**102.**     Under *Monell*, a local government can be sued under 42 U.S.C. sections 1983, when the local government's failure to train its officer agents constitutes a "deliberate indifference" to a person's constitutional rights, the local government is liable to that person for his injuries. *Canton v. Harris* U.S. 378, 388-89, 109 S. Ct. 1197, 103 L. Ed. 2d 412 (1989). **Rejecting** that *Monell **only applies to a written policy which led to the constitutional deprivation***.

## COUNT X

### RESPONEAT SUPERIOR

**103.** Plaintiff hereby re-alleges and reincorporates all previous paragraphs.

**104.** These Defendants either are or were members of the Chicago Police Department and or as described earlier in the aforementioned agents/ representatives essentially working for the City of Chicago.

**105.** In committing these willful and wanton acts against plaintiff, these defendants committed them while acting under color of state law during the scope of their employed activities.

**106.** Defendant City of Chicago is the employer of all named Defendants.

**107.** Pursuant to *respondeat superior*, Defendant **CITY OF CHICAGO**, as principal, is liable for its agents' actions.

**108.** As a proximate cause of Defendant Officers unlawful acts which occurred within their scope of employed activities, Plaintiff suffered severe and extreme damages including but not limited to, financial, mental and emotional distress, physical damage, mental distress and anguish, anxiety, loss of personal property, loss of enjoyment of his Boat for the 2015 & 16 Boating seasons. Therefore, the City of Chicago is responsible under the *respondeat superior* doctrine.

## COUNT XI

### Indemnification Claim Pursuant to 745 ILCS 10/9-102

**109.**    Illinois law provides that public entities are directed to pay any tort judgment compensatory damages from which employees are liable within the scope of their employment activities.

 **110.**    The acts of the individual Defendants – described in the above claims were willful, wanton and were maliciously committed during the scope of their employment.

**111.**    Pursuant to the Illinois Tort Immunity Act, 745 ILCS 10/9-102, Defendant CITY OF CHICAGO is liable for any judgments in this case arising from the actions of the Defendant aforementioned personnel and its Officers.

**WHEREFORE**, Plaintiff Kevin Sroga, respectfully moves this Honorable Court to enter judgment as follows against these defendants, and each of them on every claim:

a) That the defendants be required to pay plaintiff, compensatory damages including extreme emotional distress, in a sum to be determined at trial;

b) Award special damages in a sum to be determined at trial;

c) Award extreme exemplary and punitive damages, in a sum to be determined at trial;

d) Require the defendants to pay the plaintiffs costs of the suit herein incurred;

e) Require the City to change its policy whereby requiring all tow truck drivers that are contracted by URT and or E&R Towing Inc. that engage in City Business to be finger printed and to go through a through background investigation prior to being allowed to tow for the City;

f) Require and or Award such other and additional relief that this Honorable Court deems just and equitable.

g) Order Defendant CITY OF CHICAGO to indemnify the defendant-officers for any judgments entered in this cause arising from their unlawful and or negligent actions arisen to the above.

**This Plaintiff, Kevin Sroga, Hereby Requests a Trial by Jury on each and every Count of his Compliant**

Respectfully submitted,

Kevin Sroga
3343 W. Crystal
Chicago, IL 60651
(773) 401-2716

**Kevin Sroga, Pro Se Plaintiff**